Ex parte María Antonia Detres, Petitioner; Juana Ramona del Rosario Alvarez, etc., Petitioner and Appellant.

No. 9336. Argued June 3, 1946.—Decided July 24, 1946.

Jorge Díaz Cruz for appellant. Enrique Báez García for petitioner Detres, widow of the decedent.

Mr. Chief Justice Travieso delivered the opinion of the court.

José Nazario Alvarez, a natural son of Ramona del Rosario Alvarez, died intestate on December 17, 1945, leaving some property, partly community and partly separate in character.

On January 26, 1946, María Antonia Detres widow of Nazario petitioned the District Court of Ponce for the judicial administration of the estate of the decedent, and prayed that she be appointed administratrix pursuant to the provisions of § 564 of the Code of Civil Procedure. On the same day, the mother of the decedent filed another petition for judicial administration and requested that Rubén Nazario be appointed temporary administrator. The court granted the latter petition and appointed Nazario as temporary administrator, and it set April 2, 1946, for hearing both applications.

After considering the evidence introduced by the parties at such hearing, the court decreed the judicial administration sought and appointed the widow, María Antonia Detres, permanent administratrix, citing in support of its order § 564 of the Code of Civil Procedure and the decisions of this court in *Díaz et al.* v. *Cividanes,* 23 P.R.R. 787; *Sabater* v. *Escudero,* 23 P.R.R. 794; and *Iturrino* v. *Iturrino,* 24 P.R.R. 71, which acknowledged a preference in favor of the surviving spouse regarding appointment as administrator. The court in its order stated that "there has been no showing that the widow is disqualified to hold the office of administratrix."

On April 10, 1946, Juana Ramona del Rosario Alvarez, petitioner in case No. 3956, filed a notice of appeal, stating:

"That feeling aggrieved by the order rendered by this Hon. Court on April 9, 1946, whereby the widow María Antonia Detres was appointed judicial administratrix of the estate of decedent José Nazario Alvarez, she appeals from said order to the Hon. Supreme Court of Puerto Rico."

The appellee has moved for a dismissal of the appeal, and she urges, among other grounds, that although an order decreeing a judicial administration is appealable, the appeal in this case has not been taken from the order which the appellant herself sought, but from the appointment made in favor of the widow as administratrix, which is not appealable.

▆ The motion to dismiss can not prosper. The order appointing the widow as judicial administratrix of the estate

is and should be considered an integral part of the order decreeing the judicial administration, rendered on April 9, 1946. The latter order has the character of a final decision rendered in a special proceeding and is therefore appealable under the provisions of subdivision 1, § 295 of the Code of Civil Procedure. Moreover, should we hold that the order appointing the widow as judicial administratrix forms no part of the decision decreeing the judicial administration, that order would still be appealable, it being a special order rendered after final judgment, according to subdivision 3 of the aforesaid § 295.

■ Since the transcript of the evidence introduced in the lower court has not been sent up to this court, we are not in a position to determine whether or not the appeal is frivolous.

The motion to dismiss must be denied.